UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DWAYNE DOOLIN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DR. MATHARKIS, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:19-CV-1009-JD-MGG |

OPINION AND ORDER

Dwayne Doolin, a prisoner without a lawyer, alleges that, while incarcerated at the Indiana State Prison ("ISP"), he was denied a soy-free diet by Dr. Marthakis, Sherry Fritter, Nurse J. Burrell, and Nurse Lacy Gorske for seventy-five days despite knowledge that he suffers a medically documented soy allergy. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In early 2019, Doolin was an inmate at the ISP and receiving a soy-free diet because he is allergic to soy. A blood test in his medical file indicates he has a soy allergy. In February, he was released on parole, but he returned to ISP on May 24, 2019. When he returned to ISP, he was denied a soy-free diet. Doolin alleges that each of the defendants

knew he was allergic to soy but intentionally prolonged the issuance of an order that he obtain a soy-free diet because he was viewed as a troublemaker. He was forced to eat food he found in the trash because the amount of soy-free food he received was inadequate. As a result, he was malnourished, he felt weak and anxious, and he suffered emotional distress. He finally received a soy-free diet on August 2, 2019.

At the time of the alleged denial of a soy-free diet, Doolin was incarcerated on a parole hold. Under the Eighth Amendment,[1] Doolin must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Giving Doolin the benefit of the inferences to which he is entitled at this stage, he may proceed against Dr. Marthakis, Sherry Fritter, Nurse J. Burrell, and Nurse Lacy Gorske.

---

[1] Doolin was a parolee, but it appears that he also had criminal charges pending against him. To the extent that his claim is governed by the Fourteenth Amendment rather than the Eighth Amendment, it does not alter the outcome of this case. *See Smith v. Sangamon Cty. Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (treating the plaintiff as a pretrial detainee despite his parole hold).

Doolin also asks to be transferred to another prison. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is the type of decision that is squarely within the discretion of prison officials. Here, the facts presented do not warrant an intrusion upon that discretion.

Lastly, Doolin seeks leave to amend his complaint to correct the spelling of one of the defendant's names. He sued Dr. Matharkis, but he has indicated that the correct spelling is Dr. Marthakis. "Though "[l]eave to amend is to be 'freely given when justice so requires'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) quoting Federal Rule of Civil Procedure 15(a), here there is no need to amend the complaint. "[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the motion to amend (ECF 11) will be denied. However, the clerk will be directed to update the docket with the correct spelling of Dr. Marthakis's name.

For these reasons, the court:

(1) GRANTS Dwayne Doolin leave to proceed against Dr. Marthakis, Sherry Fritter, Nurse J. Burrell, and Nurse Lacy Gorske in their individual capacities for compensatory and punitive damages, for failing to order a soy-free diet for Doolin from May 24, 2019, until August 2, 2019, despite knowledge that he suffers from a documented allergy to soy, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Marthakis, Sherry Fritter, Nurse J. Burrell, and Nurse Lacy Gorske at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Marthakis, Sherry Fritter, Nurse J. Burrell, and Nurse Lacy Gorske, respond as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

(6) DENIES Dwayne Doolin's motion to amend as unnecessary (ECF 11); and

(7) DIRECTS the clerk to update the docket with the correct spelling of Dr. Marthakis's name.

SO ORDERED on July 27, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT